CURRAN DAVIDSON, to use, &c. *v.* JAMES W. MARTIN.

1. ATTACHMENT : JUSTICE OF THE PEACE.—The sixth section of the Act of 1822, Hutch. Digest, p. 801, which provides a remedy by attachment, where a debtor has removed, or is about to remove, from the State, extends to cases where the debt is cognizable before a justice of the peace.

Davidson *v*. Martin.

2. SAME: CLERICAL ERROR NO GROUND FOR QUASHAL.—A misrecital of the defendant's Christian name, in one part of an affidavit for an attachment, is a mere clerical error, and is no ground for a quashal of the writ.

IN error from the Circuit Court of Copiah county. Hon. John E. McNair, judge.

Curran Davidson, who sued for the use of William P. Holloway, procured an attachment, to be issued against the estate of James W. Martin, for the sum of $29 97, which was made returnable before a justice of the peace of Copiah county.

The affidavit recites, "that James W. Martin is justly indebted to the plaintiff, to the amount of $29 97;" and further, "that affiant is informed and verily believes that the said John W. Martin is about to remove from this State, so that the ordinary process of law cannot be served on him," &c.

The justice of the peace rendered judgment in favor of the plaintiff for the amount of the debt and costs, and the defendant appealed to the Circuit Court. Pending the appeal in the last-mentioned court, the defendant made a motion to quash the attachment, upon the following grounds: 1st. The affidavit is uncertain in its recitals; and 2d. It is insufficient in law.

This motion the court sustained, for the reason, as the bill of exceptions recites, "that the affidavit does not allege that the defendant had removed, or was about to remove, out of the county in which the debt was contracted, or that the debt was contracted in Copiah county."

From this judgment the plaintiff prosecutes this writ of error.

*Benjamin King*, for plaintiff in error.

1. The misrecital in the affidavit of the defendant's name, is a clerical error, and does not vitiate the proceedings. See *Bank of Manchester* v. *Ulman*, 10 S. & M. 411; *Houston* v. *Belcher*, 12 Ib. 514; *Clanton* v. *Laird*, Ib. 568.

2. It was unnecessary to aver in the affidavit, that the debt was contracted in Copiah county, as is provided for in the thirteenth section of the Act of 1822; this case being embraced in the provisions of the second section. See Hutch. Dig. p. 801.

*L. B. Harris,* for defendant in error,
Cited, *Edwards* v. *Tomer,* 14 S. & M. 75.

HANDY, J., delivered the opinion of the court.

This was an attachment for debt, issued by and returnable before a justice of the peace, by whom a judgment was rendered for the plaintiff. The case was then taken by the defendant to the Circuit Court by appeal, and a motion was there made in his behalf to quash the attachment, because the affidavit on which it was founded was insufficient in law : this motion was granted, and hence the plaintiff brings the case here.

The only question necessary to be considered, is the sufficiency of the affidavit. After stating that the defendant was indebted to the plaintiff in the sum demanded, it states that the plaintiff " has been credibly informed, and verily believes, that the defendant is about to remove from this State, so that the ordinary process of law cannot be served upon him, and he therefore prays an attachment," &c.

This affidavit and the attachment issued, appear to have been based upon the sixth section of the Act of 1822. Hutch. 801. And the only point of inquiry is, whether the provisions of that section, are applicable to attachments for debts within the jurisdiction of justices of the peace.

The provisions of the section extend in terms to " any creditor" whose debtor hath removed or is removing out of this State, &c., and give him an attachment against the estate of such debtor, to be made returnable to the next term of the court where the suit is properly cognizable, &c. There is nothing in the language employed in the section, showing that it was intended to exclude small debts from the benefit of the remedy provided, and no reason can be perceived why such debts should be excluded.

But it is said, that such debts are provided for by the thirteenth section of the same Act, which provides, that upon complaint on oath, made to a justice of the peace, that any person indebted in a sum within the jurisdiction of a justice of the peace hath removed or is removing out of the county where the debt was contracted, &c., such justice shall grant an attachment, &c. Hutch. 803. But this section does not necessarily, or by just construction, ex-

clude persons holding small debts from the benefit of the provisions of the sixth section. That section gave the remedy to any creditor whose debtor had removed, &c., from the State; this section extends the remedy further in favor of small debts, by allowing it against a debtor who had removed, &c., out of the county where the debt was contracted. It is not inconsistent with the previous section, and does not exclude the creditor from the remedy of attachment against his debtor removed or removing out of the State; for that would present the most improbable case of the remedy of attachment given to a creditor having a small debt against his debtor removing out of the county where the debt was contracted, but denying it to him when the debtor was removing out of the State.

The mistake in the name of the defendant, in the affidavit, is merely clerical, and will not vitiate the proceedings.

The judgment is clearly erroneous, and it is reversed, and the cause remanded for further proceedings.